Opinion of the court delivered by
Judge Whyte.
This was a presentment made by the Grand Jury, at the August term of the county court of Smith county, 1828, charging the plaintiff in error, John Philips, “not being a licensed ordinary keeper, with unlawfully selling by retail in less quantities than one quart, to wit, by the pint and half-pint, certain spirituous liquors called wine and rum, to one Bluford Jordan and others,” &c. To this presentment, at the November term, 1828, of the said court, the plaintiff in error pleaded not guilty; on which issue was joined. The jury found him guilty, and the court rendered judgment, that he pay a fine of one dollar and the costs of the prosecution. From this judgment, an appeal was taken to the circuit court of Smith county, and at the April term thereof, the same verdict and judgment were rendered as in the county court. A new trial was moved for and refused. The plaintiff in error tendered bis bill of exceptions, which was signed and sealed by the court, and made a part of the record. An appeal in error was taken to this court.
The bill of exceptiohs states, that one Bluford Jordan, whose wife was afflicted with consumption, had, a short time before this presentment was made, applied to the plain-tiffin error, who was a merchant, and bought from him a half pint of wine for his wife, and paid for it. That he had on other occasions, two or three times seen wine and rum setting on said Philips’ counter in half pint tumblers, and people drinking; but did not know whether he was treating those who traded with him, or they had bought *459 it, for be never saw any one buying any spirits, but saw it setting on the counter. Another witness, John, R. Dougherty, says, that he was the physician who attended on Mrs. Jordan, that he advised said Jordan to procure some wine for his wife, as the nature of her disease and bad health required it Jordan bought it from defendant. It was admitted that the defendant, who is the plaintiff in error, was a regular licensed merchant.
The court charged the jury, that the defendant may be indicted for keeping a tipling house from the fact of selling half pints, even if he were a merchant. No liquors are excepted but cider, motheglin, and ale. The court was requested by the defendant to charge the jury, that if they believed from the testimony, that the.half pint of wine was sold by defendant as medicine for a sick woman, then they should find the defendant not guilty; but the court refused, and said the defendant could not sell even to a physician, much less to the husband of a sick lady; but a physician had a right to sell liquors in quantity less than a quart to the sick. But no one else was entitled to the same privilege without being specially authorized.
The errors assigned are, 1st. That the court refused a new trial when it should have been granted: 2d. The court refused to charge according to request, that if wine was sold for medicine by the half pint, that he was not liable jto criminal prosecution: 3d. The court erred in the charge that wine was spirituous liquors.
These errors are all predicated on the charge of the court. The assignment of the second and third errors are founded upon a supposed mistake of the law by the judge, and the first error is based upon the two others, as being well taken and their assignment correct, taking it for granted, that the judge has mistaken the law in his charge, and therefore there ought to be a new trial, not for the purpose of obtaining a different deduction of facts by the jury from the testimony, no question being made that the verdict is against evidence, but for obtaining a different declaration of the law by the judge, upon the facts stated in the hill of exceptions. The two last errors *460 will therefore be noticed first, as upon their relevancy the first depends.
This presentment is founded on the acts of Assembly of 1779, ch. 10, and 1811, ch. 113. The first is an act for regulating ordinaries, and the second, an act amenda-tory of the first. These .acts prescribe who shall keep ordinaries, and the manner in which liquors shall be sold and retailed. The 3d section of 1779, ch. 10, says: “that no person not having a license for keeping an ordinary, shall sell or retail liquors in smaller quantities than is by this act permitted.” And the 12th section says: “That nothing in this act contained shall be construed, deemed or taken, to prohibit or restrain any person to sell by retail, wine, rum, brandy or. other spirits by the quart, or a greater quantity; or ale, beer or cider, in any quantity not less than a gallon.”' The amendatory act of 1811, ch. 113, sec. 2, says: “that any person who may keep an ordinary or house of entertainment, or retail liquors by a smaller measure than is pointed out by the before recited act, without having first obtained license therefor, as aforesaid, such person shall be liable to an indictment for keeping a tipling house, and upon conviction shall be fined,” &c.
These acts of assembly, shewing the law of this case, constitute the data by which the validity of the errors assigned are to be tested, and not the seeming propriety attending the circumstances of a particular case. The 3d error is, that the court erred in the charge that wine was a spirituous liquor. This assignment is incorrectly expressed as giving the meaning of the judge. He did not charge, or intend' to charge, that wine was or was not a spirituous liquor; but that wine was one of the liquors prohibited by these acts, to be sold by retail in a less quantity than one quart, by any person who had not a license to retail liquors. Is the judge sustained by the law on this point? The 12th section oí the 10th chapter of the act of 1779, expressly names wine, as one of the enumerated liquors to be sold by the quart, or a greater quantity. And the act of 1811, ch. 113, sec. 2, says: “anyperson, *461 who retails spirits by a smaller quantity than is pointed out by the before recited act, to wit, the act of 1779, without having first obtained a license therefor, as aforesaid, shall be liable to an indictment for keeping a tipling house.” These acts of assembly meet this assignment of error in the most direct manner, and in the plainest terms, fully sustaining the judge upon this part of the charge.
The argument of the counsel for the plaintiff in error, ■upon these acts, is, that the record, shewing the plaintiff is a regular licensed merchant, takes him out of the operation of these acts of assembly, because wine being an article of merchandize, he had the authority to sell it as other articles of merchandize, by the greater or less quantity, according to the demand, by virtue of his license. This application of a merchant’s license cannot be concurred with. It would be a most unreasonable and unwarrantable extension of the authority given by the license to sell merchandize, either in a wholesale or retail manner, to use the language of 1819, ch. 64, to make it inclusive of retailing half pints of wine. Not only the acts of assembly reject sucha construction; but it is believed the united understanding also of the whole community. It would be superfluous to state all the incongruities of the two licenses, that for the sale of merchandize, and that for the sale of liquors in less quantities than one quart. To obtain the latter, the applicant must be exempt from certain personal objections pointed out by the acts of assembly; must give bond with security to keep an ordinary, and find and provide the same in food, clean and wholesome diet, and lodging for travellers, and stabling, corn, áse., for their horses, under a penalty. To the obtaining a merchant’s license none of these objections are interposed. No bond for the performance of specified acts and terms, is required; the payment alone of a tax, or a certain sum of money, is required before the issuance of the license; they therefore, non spectant ad idem, their object is altogether different.
The assignment of the second error is equally unsupported by these acts. It is that the court refused to charge *462 according to request, that if wine was sold for medicine by f’ne half pint, that he (plaintiff in error) was not liable to a criminal prosecution. It is only necessary upon this point to observe, that the above acts of assembly, authorizing and regulating the sale of liquors, have made no exception covering the case advanced in this assignment, as taking it out of their operation; and it is not the province of this court to make exceptions to the enactment of statutes. We think the law substantially correct, as laid down by the circuit court. He says, that the defendant could not sell even to a physician, much less to the husband of a sick lady; but a physician had a right to sell liquors in quantity less than a quart to the sick. But no one else was entitled to the same privilege unless specially authorized.
This being the opinion of the court upon the 2d and 3d assignment of error, it follows, in course, that there is no error in the first, to wit, the refusal to grant a new trial.
The judgment of the circuit coart must therefore be affirmed.
Judgment affirmed,